Royal M. Hamman, Administrator, Appellee, v. Illinois Central Railroad Company, Appellant.

(Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. ROBERT H. FLANNIGAN, Judge, presiding. Heard in this court at the March term, 1914. Reversed and remanded. Opinion filed July 28, 1914.

## Statement of the Case.

Action by Royal M. Hamman, administrator of the estate of Phillip Hamman, deceased, against Illinois Central Railroad Company to recover damages for the death of the deceased caused by being struck by one of defendant's trains at a highway crossing. To reverse a judgment entered on a verdict in favor of plaintiff for four thousand dollars, defendant appeals.

The accident happened at a highway crossing known as the Chartrand Crossing, on what is called the Falling Springs road or avenue, near the southwest limits of the city of East St. Louis. At this place the defendant's railroad consists of three tracks, extending nearly north and south, and are located about thirty feet apart. The east track is called the inbound track, the second the outbound track and the third the yard track. A pair of scales is located upon the yard track and at the distance of about three hundred fifty feet south of the Chartrand Crossing. The Falling Springs highway crosses these tracks at an angle of about thirty degrees, the highway extending nearly northeast and southwest. The tracks are elevated the distance of from four to six feet where this highway crosses them and the center of the highway at the place is graded in such a manner as to make an approach onto these tracks. On the day in question the deceased, Phillip Hamman, and a Mr. Abbot had been engaged at work in a field near this crossing, and it being the

noon hour had ceased work and were preparing to eat their dinner and from some cause undertook to cross defendant's tracks. A short time before the deceased and Abbot undertook to cross the tracks the defendant's servants passed along this yard track with an engine, going up to the scales for the purpose of weighing the cars. The engine was on the south end of the cars and after weighing them the engine pushed the four cars back to the north and towards Chartrand Crossing, the engine being in the rear with the cars in front, and was running at the rate of from four to six miles an hour. At this time another train was passing along the inbound track going in the same direction, towards the north, at the rate of about fifteen miles per hour and consisted of quite a number of cars, making a train of considerable length. Just before the engine with the four cars reached Chartrand Crossing the deceased and Abbot walked upon the yard track, apparently engaged in watching the train that was passing on the inbound track, and while they were upon the yard track the front car of the train upon that track struck them and killed them.

KRAMER, KRAMER & CAMPBELL, for appellant; JOHN G. DRENNAN, of counsel.

SILAS COOK and LOUIS BEASLEY, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

## Abstract of the Decision.

1. RAILROADS, § 695*—*sufficiency of averments of negligence.* A count in a declaration averring that while the deceased was walking across the railroad tracks at a public crossing the defendant by its servants so carelessly and improperly drove and managed its engine and train that by and through its negligence the engine was then and there attached to said train of cars backed in front of said

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

engine, and did not have any flagman at said crossing nor any switchman or brakeman on the front car of said train, *held* not subject to the criticism that the negligence charged is not that of careless and improper driving and managing the engine and train, and *held* that it was sufficient to sustain a judgment, especially after verdict.

2. RAILROADS, § 754*—*when question whether failure to look and listen is negligence is for jury.* In an action against a railroad company to recover for the death of a pedestrian at a highway crossing, *held* under the facts of the case it was a question for the jury to determine whether the deceased was negligent in failing to look and listen for the approaching train, it appearing that by looking he could have seen the train approaching, but it also appearing that a train on another track attracted his attention and that the highway ran diagonally across the tracks so that in crossing, his back was nearly towards the approaching train.

3. RAILROADS, § 770*—*when giving of instruction inapplicable to pleadings and evidence reversible error.* In an action against a railroad company to recover for the death of plaintiff's intestate at a highway crossing, the giving of an instruction which directed a verdict and injected into the case the question whether the defendant was running its train over the crossing at a greater speed than usual and than was reasonably safe to persons about to cross the tracks, *held* reversible error where the declaration did not charge and there was no evidence tending to show that the train was running at an unusual or excessive rate of speed.